U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 1 8 2015

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Texas

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

5115 Stanley Keller Road,
located in the City of Haltom City, Texas

)
)
)
)
)
)
)

Case No. 4:15-MJ-336

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

5115 Stanley Keller Road, located in the City of Haltom City, Texas, further described in attachment A

located in the _____Northern_____ District of _____Texas_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 United States Code 922(g)(1) | Felon in Possession of a Firearm |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent M. Finney
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/18/15

*Judge's signature*

City and state: Fort Worth, Texas

United States Magistrate Judge Jeffrey L. Cureton
*Printed name and title*

**The facts to support a finding of Probable Cause and the issuance of a Search Warrant are as follows:**

I,   M. Finney                                                                                  being   duly   sworn

**depose and say:**

1.      Affiant has been employed as a Special Agent with ATF assigned to the Dallas

Field Division, Fort Worth Field Office since February 2001.  Prior to that, Affiant was

employed as a Deputy United States Marshal with the United States Marshals Service

from 1996 through 2000 and was employed with the United States Attorney's Office

from 2000 through January 2001.

2.      Affiant has conducted investigations involving firearms activities and firearm

offenses, which resulted in seizures of firearm parts, gun paraphernalia, and ammunition.

Affiant is familiar with, and has participated in, many methods of investigation,

including, but not limited to, electronic surveillance, visual surveillance, general

questioning of witnesses, use of search warrants, use of confidential informants, use of

pen registers, use of trap and trace devices, and use of undercover agents.  Based

Affiant's training, experience and participation in this investigation and other

investigations involving the trafficking of controlled substances, Affiant knows that:

> a.  It is common for persons involved in firearms offenses and other criminal
>     activities to take or cause to be taken photographs or videotapes of
>     themselves, their associates, and their firearms, and that these persons
>     maintain these photographs or videotapes at their residence;
>
> b.  Persons involved in firearms offenses keep, store and maintain
>     Miscellaneous gun parts, ammunition, gun cleaning items or kits, holsters,
>     ammunition belts, original box-packaging, targets, expended pieces of lead
>     and bullet loading equipment;

**Affidavit in Support of Application for Search Warrant - Page 1 of 5**

c. Illegal possessors of firearms attempt to hide and conceal their true identity of the owner or possessor of the firearms. In attempting to do so, the prohibited person will sometimes use fictitious names when purchasing or sending firearms or use a relative, girlfriend or boyfriend, or associate to purchase, acquire, or send the firearm(s);

d. Most persons who own, possess, acquire or maintain firearms whether prohibited or not, keep and store firearms, ammunition, gun parts, gun-cleaning kits, holsters, ammunition belts, original box-packaging, targets, expended pieces of lead and bullet loading equipment either in their residence, storage building, or storage shed;

3.    Affiant notes that whether or not the firearm(s) sought are recovered, the above items tend to show that a firearm(s) existed and may have been located in a place to which the suspect had access, and that these items would tend to connect the suspect with the firearm(s) sought. It is further noted that in Affiant's experience, a person does not normally dispose of firearms after the commission of a crime or after illegal possession of firearms and that they are therefore likely to be found in any location or vehicle to be searched or on the person of any suspect to be searched pursuant to this warrant.

4.    On the basis of the entire contents of this Affidavit, Affiant believes there is probable cause for the issuance of search/seizure warrants for the premises described herein below for the purpose of seizure of physical evidence of the below referenced offenses, including contraband, vehicles, and the assets used in or derived from the on-going criminal enterprise described in this affidavit, and the instrumentality's for the commission of the offense referenced herein i.e., telephone bills and toll records and telephone books, correspondence, and equipment.

5.      This Affidavit is based upon Affiant's personal investigation and upon information received from other law enforcement officers and agents. Affiant has not included each and every known fact concerning this investigation. This affidavit is submitted for the limited purpose of securing a search warrant. The statements contained in this affidavit are based in part upon Affiant's experience, Affiant's knowledge of the facts and circumstances surrounding this investigation and on information provided to Affiant by other law enforcement personnel and agencies. Information resulting from surveillance, except where otherwise indicated, does not necessarily set forth Affiant's personal observations, but rather has been provided directly or indirectly through other law enforcement officers who conducted such surveillance.

6.      On August 18, 2015, Texas Department of Public Safety (DPS) Agents executed a state search warrant at the business of Jon Evans, also known as Jon Jason Hyre, located at 5115 Stanley Keller Road, Haltom City, Texas, for evidence and documents related to the hindering of apprehension and prosecution of a third degree felony. While inside the business office, which only Evans and his office assistant, Candace Ferrani had access to, DPS Agents located a safe. Ms. Ferrani provided a written statement that she had no access to the safe but had seen Evans access the safe previously. Evans told DPS Agents that he had access to the safe and provided DPS Agents with a combination for the safe; however, the combination did not work on the safe. DPS Agents contact the fire department, who drilled into the safe to gain access. Once the safe was opened, DPS Agents located approximately six (6) firearms inside the safe.

7.     Through their investigation, DPS Agents learned that Evans changed his name from Jon Jason Hyre to Jon Evans in 1996 through a court order.  A criminal history query shows that Jon Jason Hyre was convicted of the federal felony offense of Trafficking in Certain Motor Vehicle or Vehicle Parts in Dallas, Texas in 1994, for which he was sentenced to three years probation.  Further, the criminal history reflects both Jon Jason Hyre and Jon Evans as names used by Evans and linked through fingerprints as one in the same person.

8.     Also during the search of Evans' office where the safe was located, Agents found a copy of the federal Judgment and Sentence which reflects the above felony conviction for Hyre in 1994.

9.     Based upon the foregoing facts and circumstances, Affiant believes that probable cause exists that the  items to be seized, as listed in Attachment A, are (1) property constituting evidence of the commission of a criminal offense; (2) contraband, the fruits of crime, or other things criminally possessed; and, (3) property designed or intended for use or which is or has been used as the means of committing a criminal offenses, specifically violations Title 18, United States Code, Section 922(g)(1),

all of which will be located at 5115 Stanley Keller Road, located in the City of Haltom

City, Texas, as described in Attachment B.

_____
Special Agent Melanie Finney
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me on **August** 18, 2015, at 2:27 pm
a.m./p.m. in Fort Worth, Texas.

_____
JEFFREY L. CURETON
United States Magistrate Judge

## ATTACHMENT A

### DESCRIPTION OF PLACE TO BE SEARCHED

The Premises:

The Premises of 5115 Stanley Keller Road
In the City of Haltom City
In the County of Tarrant
In the Northern Judicial District of Texas

The Premises physical description:

A commercial building, located on Stanley Keller Road, Haltom City, Texas, with different shades of brown brick on the front. The sides of the building are off white and tan cinder block. There are 2 (two) picture windows located on the front of the building on each side of the black framed glass entry door. The front entry door faces to the south. The numbers "5115" are in large white numbers directly on the front entry door. There is a white metal privacy fence with razor wire on the west side of the building.

The location of the suspected place is found by proceeding west on Stanley Keller from the intersection of US 377 to the second business entrance before the intersection of Haltom Road. The entrance is on the north side of Stanley Keller and the building is marked "5115."

The Search Warrant includes the named property.

Attachment A

## ATTACHMENT B

### DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED

**Firearms and Ammunition:**

Any firearms, ammunition, gun parts, gun-cleaning kits, holsters, ammunition belts, original box-packaging, targets, expended pieces of lead and bullet loading equipment, to include photographs of firearms or of persons in possession of firearms.

**Records/Documents:**

Any books, records, documents or photographs, whether contained on paper in handwritten, typed, photocopied or printed form or stored on computer printouts, magnetic tape, cassette, disk, diskette, photo-optical devices, photographic film or any other medium to establish the possession of firearms, and to establish the person(s) who have control, possession, custody, or dominion over the property and vehicles searched and from which evidence is seized, such as: personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rent receipts, payments receipts, financial documents, keys, photographs, leases, and/or mortgage bills.

Attachment B